IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| WILLIAM REID HOUCK<br>VANESSA SANDRA HOUCK,<br><br>    *Plaintiffs*,<br><br>v.<br><br>NEWREZ LLC d/b/a SHELLPOINT<br>MORTGAGE SERVICING,<br><br>    *Defendant*. | Removed from the Circuit Court for<br>Anne Arundel County, Maryland<br>Case No. C-02-CV-24-000988 |

**NOTICE OF REMOVAL**

Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant"), through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446(a), hereby files this Notice of Removal from the Circuit Court for Anne Arundel County, Maryland, to the United States District Court for the District of Maryland (Northern Division). In support of this Notice of Removal, Defendant states as follows:

    **I.**    **BACKGROUND**

1. On or about April 22, 2024, Plaintiffs William Reid Houck and Vanessa Sandra Houck ("Plaintiffs") filed a Complaint against Defendant in the Circuit Court of Anne Arundel County, Maryland, Case No. C-02-CV-24-000988 (the "State Court Action").

2. The Complaint is based on a mortgage loan related to the property located at 1071 Westfield Drive, Prince Frederick, MD 20678 (the "Property"). *See generally*, Compl. In the Complaint, Plaintiffs assert two causes of action against Defendant: Count I: Violations of 12 C.F.R. §§ 1024.35, 1024.36 ("Regulation X") and 12 U.S.C. §§ 2605(e) and (k) ("RESPA"); and

1

Count Two: Violations of Maryland's Consumer Protection Act, Com. Law § 13-101, *et seq*. ("MCPA"). *Id.*

3. Plaintiffs seek in excess of $75,000.00 in actual damages, and $2,000.00 to each Plaintiff in statutory damages for each of its violations of RESPA set forth in Count One. Compl., Prayers for Relief, ¶¶ A, B.

4. Defendant was served with the Complaint on April 26, 2024. Accordingly, this Notice of Removal is timely filed within thirty (30) days of receipt pursuant to 28 U.S.C. § 1446.

5. In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Defendant is attached as **Exhibit A**.

## II. REMOVAL PROCEDURES

6. 28 U.S.C. § 1441(a) provides, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

7. Venue is appropriate in this Court, and Defendant seeks to remove this case to the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. § 1441(a). The Circuit Court for Anne Arundel County, Maryland is located within this District and cases arising in the Circuit Court for Anne Arundel County, Maryland are properly assigned to the Northern Division of this Court. *See* 28 U.S.C. § 100(1).

8. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal (without exhibits) is being filed contemporaneously with the Clerk of the Circuit Court for Anne Arundel County, Maryland, and served upon all parties and/or counsel of record. *See* Notice of Filing of Removal, attached as **Exhibit B.**

9. In filing this Notice of Removal, Defendant does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions. No statement herein or omission shall be deemed to constitute an admission by Defendant of any of the allegations of, or damages sought in, the Complaint.

### III.   FEDERAL QUESTION JURISDICTION

10. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiffs allege a claim arising under the laws of the United States. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 *See generally* Compl. Plaintiffs plead claims for violations RESPA and Regulation X, which are a federal statute and regulation, respectively. *Id.*

11. Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

12. Here, the Complaint alleges violations of a federal statute and regulation, *i.e.*, RESPA and Regulation X. *See generally*, Compl.

13. The Court has supplemental jurisdiction over the state law claims because they arise from and are part of the same case or controversy as the federal question. *See* 28 U.S.C. § 1367(a).

14. Therefore, this action is one that can be removed to this Court on the grounds that this Court has original jurisdiction over the claims arising under federal law.

### IV.   DIVERSITY JURISDICTION

15. In addition, removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts

of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, this civil action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.  **There is Complete Diversity of Citizenship Between the Parties.**

17. Plaintiffs are citizens of the State of Maryland. Compl. ¶ 1.

18. Defendant is a wholly-owned subsidiary of Shellpoint Partners LLC, a Delaware limited liability company. Compl. ¶ 3. A limited liability company is deemed a citizen of the states where each of its members is a citizen. *See e.g., Branhaven, LLC v. BeefTek, Inc.*, 965 F. Supp. 2d 650, 661 (D. Md. 2013). Defendant's sole member is Shellpoint Partners LLC. Shellpoint Partners LLC's members are NRM Acquisition LLC and NRM Acquisition II LLC. The sole member of these LLCs is New Residential Mortgage LLC. New Residential Mortgage LLC's sole member is Rithm Capital Corp., f/k/a New Residential Investment Corp. Compl. ¶ 3. Because Rithm Capital Corp. is organized under the laws of the State of Delaware, and has its principal place of business in New York, New York, it is a citizen of both Delaware and New York for purposes of diversity. 28 U.S.C. § 1332(c). Accordingly, Shellpoint is a citizen of Delaware and New York for purposes of diversity. 28 U.S.C. § 1332(c)-(d)(10). In sum, the parties' citizenship is completely diverse under 28 U.S.C. § 1332: Plaintiffs (Maryland); and Shellpoint (Delaware and New York).

**B.    The Amount in Controversy Exceeds $75,000.**

19. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indemnity Co. v. Red Cob. Co.*, 303 U.S. 283, 288 (1938)).

20. Although Defendant denies that Plaintiffs are entitled to any relief, Plaintiffs allege that it is entitled to actual damages in excess of $75,000.00 and statutory damages from Defendant to each Plaintiff in the amount of $2,000.00. *See* Compl., Prayers for Relief, ¶¶ A-B. Thus, the amount in controversy exceeds $75,000.

21. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiffs and Defendant; and (2) the amount in controversy exceeds the $75,000 jurisdictional threshold.

## V.    CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

*[signatures on following page]*

Dated: May 24, 2024                    Respectfully submitted,

   */s/ Melissa O. Martinez*
Melissa O. Martinez (Fed. Bar No. 28975)
Nicholas B. Jordan (Fed. Bar. No. 22067)
**MCGUIREWOODS LLP**
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202-3169
(410) 659-4400
(410) 659-4482 Fax
mmartinez@mcguirewoods.com
njordan@mcguirewoods.com

***Counsel for Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing***

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 24, 2024, a copy of the foregoing Defendants' Notice of Removal, Exhibits, and Civil Cover Sheet were electronically filed via the Court's CM/ECF system and served by First-Class mail, postage prepaid, on the following:

> Phillip R. Robinson
> **Consumer Law Center LLC**
> 10125 Colesville Road, Suite 378
> Silver Spring, MD 20901
>
> *Counsel for Plaintiffs*

        */s/ Melissa O. Martinez*
        Melissa O. Martinez