E-FILED; Anne Arundel Circuit Court
Docket: 4/22/2024 10:21 AM; Submission: 4/22/2024 10:21 AM
Envelope: 16168741

Ex. 3 to Houck
Complaint



# Chapter 5. How to Process VA Loans and Submit Them to VA

## Overview

**In this Chapter** This chapter contains the following topics.



| Topic | Topic name | See Page |
|---|---|---|
| 1 | Refinancing Loans | 5-2 |
| 2 | Processing Procedures | 5-3 |
| 3 | How to Submit Loan Documents to VA | 5-5 |
| 4 | Prior Approval Loan Procedures | 5-6 |
| 5 | Automatically Closed Loan Procedures | 5-15 |
| 6 | Submit "Other Necessary Documents" | 5-19 |
| 7 | Processing Loan Assumptions | 5-22 |

# 1. Refinancing Loans

| | |
|---|---|
| **Change date** | September 15, 2004, Change 4<br>• This section has been changed to create subsection lettering. |
| **a. Where to Find Information** | This chapter applies, for the most part, to non-refinancing loans.<br><br>***Reference***: See chapter 6 for information specific to refinancing loans. |

## 2. Processing Procedures

**Change Date**

March 23, 2012, Change 17

- Subsection b has been modified to add language about applying online for a Certificate of Eligibility (COE).

**a. Order of Completion**

The procedures discussed in this section may be initiated and completed in any feasible order, as long as they are all completed prior to loan closing. These procedures apply to both prior approval loans and loans closed automatically (except the procedure which specifically refers to prior approval loans).

To avoid delays in closing, it is recommended that the lender take the following actions in the very early stages of loan processing:

- Obtain a COE, if the veteran does not already have one (See chapter 2),
- Request assignment of an appraiser (See chapter 10),
- Initiate CAIVRS and VA-indebtedness searches (See section 6 of chapter 4), and
- Request credit report and verifications (See chapter 4).

**b. Obtain Certificate of Eligibility**

Verify the veteran's eligibility for home loan benefits and amount of available entitlement by obtaining a COE. Lenders can obtain a COE online through VA's Information Portal. Veterans can also apply online at http://www.ebenefits.va.gov/.

Ensure any conditions of the COE are satisfied.

***Reference***: See chapter 2 for details.

**c. Establish the Reasonable Value of the Property**

Obtain a VA Notice of Value (NOV) through WebLGY or VA Form 1843a, Master Certificate of Reasonable Value (MCRV), see chapter 10.

Obtain evidence of compliance with any NOV requirements.

*Continued on next page*

## 2. Processing Procedures, Continued

**d. Determine Whether VA's Occupancy Requirement is Met**

Determine whether the applicant meets VA's occupancy requirement. The loan cannot be made unless the requirement is met.

***Reference***: See section 5 of chapter 3.

**e. Underwrite the Loan**

Complete the procedures, verifications, and loan analysis described in chapter 4 of this handbook.

**f. Fulfill Requirements for Active Duty Members**

Ensure **every** active duty service member who applies for a loan is counseled through the use of VA Form 26-0592, Counseling Checklist for Military Homebuyers, as early as possible in the transaction.

- Lenders should furnish these forms to real estate brokers and builders with whom they deal and request their assistance in providing counseling.
- The applicant's signature on the form signifies that counseling has been completed.

Ensure an applicant, eligible as an active duty member, is still on active duty at the time of closing if the COE indicates "Valid unless discharged or released subsequent to date of this certificate. A certification of continuous active duty as of the date of note is required." If the lender becomes aware that the applicant is no longer on active duty, the loan may **not** be closed unless VA re-establishes the veteran's eligibility.

**g. Obtain Certificate of Commitment on Prior Approval Loans**

Submit all prior approval loans to VA.

Obtain a VA Certificate of Commitment.

Ensure compliance with any conditions of the Certificate of Commitment.

***Reference***: See section 4 of this chapter for details.

# 3. How to Submit Loan Documents to VA

| | |
|---|---|
| **Change Date** | March 23, 2012, Change 17<br>• This section has been updated to make minor grammatical edits. |
| **a. Where and When to Submit Documents** | Generally, lenders only need to submit documents to VA when the loan requires prior approval or VA requests copies of the origination package for full review. Lenders are strongly encouraged to use the webLGY application accessed via the VA Information Portal (see section 5 in this chapter) when requesting guaranty. |
| | See Appendix A for a list of VA offices and their jurisdictions. |
| **b. Loan Number** | A 12-digit VA Loan Identification Number (LIN) is assigned to each loan by VA at the time the appraisal is requested. Use this number electronically in VA systems or where requested on VA forms and other documents. |
| **c. Who Can Sign Documents for the Lender?** | Under certain circumstances, VA requires specific parties to execute documents. For example, a VA-approved underwriter must approve or disapprove a loan for a nonsupervised automatic lender.<br><br>Where VA does not have a specific requirement, branch managers, employees, and agents of the lender or holder may execute VA forms in the name of, and on behalf of, the principals. |
| **d. Use of Imaged Documents** | When submitting loan documents to VA, lenders may use imaged documents. However, in contrast, lenders must submit the original COE and security instrument. In the event of an onsite VA audit of closed loans, lenders must be able to provide the audit team members with printed copies of requested files or on-line access to records at the auditor's request. |
| | ***Note***: Lenders are expected to continually monitor the integrity of their imaging system to ensure consistent quality and to prevent unauthorized alternation or destruction of records. |

# 4. Prior Approval Loan Procedures

**Change Date**

March 23, 2012, Change 17
- This section has been updated to make minor grammatical edits.

**a. Which Loans are Submitted for Prior Approval?**

Lenders without automatic authority must submit all loans to VA for prior approval, except IRRRLs made to refinance loans that are **not** delinquent.

All lenders, whether or not they have automatic authority, **must** submit the following types of loans to VA for prior approval:

- Joint loans.
- Loans to veterans in receipt of VA nonservice-connected pension.
- Loans to veterans rated incompetent by VA.
- IRRRLs made to refinance delinquent VA loans.
- Manufactured home loans (**except** when the manufactured home is permanently affixed to the lot and considered real estate under state law), unless the lender has been separately approved for this purpose.
- Unsecured loans or loans secured by less than a first lien.
- Supplemental loans.

***Note***: VA Form 26-8937, Verification of VA Benefits, will indicate whether the veteran receives VA nonservice-connected pension or has been rated incompetent by VA. See "Debt Related to VA Benefits" in section 6 of chapter 4.

*Continued on next page*

# 4. Prior Approval Loan Procedures, Continued

**a. Which Loans are Submitted for Prior Approval?** (continued)

Lenders with automatic authority may also elect to submit a loan (of a type not on the above list) for prior approval when issues or circumstances cannot be resolved by the lender's own underwriting staff.

- The submission must include the underwriter's analysis and explanation of why it is being submitted for prior approval.
- Do **not** use this provision to shift the burden of a loan denial to VA.

**b. Before Requesting Prior Approval**

Before submitting the loan documents to VA for prior approval:

- Establish the reasonable value of the property (appraisal).
- Underwrite the loan (See chapter 4).
- Ensure active duty members receive counseling using VA Form 26-0592.

**c. How to Request Prior Approval**

Submit the following documents to VA in the order listed.

| Order | Document |
|---|---|
| 1 | Lender's cover or transmittal letter (if used). |
| 2 | COE. |
| 3 | URLA (Uniform Residential Loan Application) with revised VA Form 26-1802a, HUD/VA Addendum to URLA.<br>• These forms must be signed and dated.<br>• These forms must be properly completed and legible, but do not have to be typed. |
| 4 | Interest Rate and Discount Disclosures Statement. |
| 5 | VA Form 26-0592, Counseling Checklist for Military Homebuyers, if applicant is on active duty. |
| 6 | VA Form 26-8937, Verification of VA Benefits (if applicable). |
| 7 | VA Form 26-6393, Loan Analysis. |
| 8 | All original credit reports obtained in connection with the loan and any related documentation. |

*Continued on next page*

# 4. Prior Approval Loan Procedures, Continued

**c. How to Request Prior Approval** (continued)

| Order | Document |
|---|---|
| 9 | VA Form 26-8497a, Request for Verification of Deposit, and other related documents (Alternative documentation: Original or certified true copies of the last 2 bank statements). |
| 10 | VA Form 26-8497, Request for Verification of Employment, and other verifications of income such as pay stubs and tax returns.<br><br>***Reference***: See section 2 of chapter 4. |
| 11 | Purchase/earnest money contracts. |
| 12 | NOV and any special requirements or conditions applicable to the property.<br><br>VA Form 26-1843a, Master Certificate of Reasonable Value (MCRV), if applicable, with any applicable endorsements and/or change orders.<br><br>Highlight to show lot and block identification, house type valuation, and optional equipment applicable to veteran's purchase. |
| 13 | The original Freddie Mac Form 70/Fannie Mae Form 1004, Uniform Residential Appraisal Report (URAR), including all addendums, photographs and any document(s) revising or correcting the fee appraiser's original URAR.<br><br>***Note***: The URAR and attending information are **not** required when VA Form 26-1843a, MCRV, is submitted. |
| 14 | Any other necessary documents.<br><br>***Reference***: See section 6 of this chapter. |

*Continued on next page*

## 4. Prior Approval Loan Procedures, Continued

**d. What Happens Next?**

VA will review the documents submitted and do one of the following:

- Suspend processing and request additional information from the lender,
- Send a notice of denial to the lender and applicant, or
- Issue VA Form 26-1866, Certificate of Commitment, to the lender, evidencing approval of the loan.

**e. Certificate of Commitment**

The Certificate of Commitment is the lender's evidence of VA's approval of the loan. The lender is subsequently entitled to evidence of guaranty if:

- The closed loan is identical in all respects to that submitted to VA on the URLA and described on the Certificate of Commitment (or, if not identical, any required VA approval of changes was obtained prior to closing), and
- The lender has complied with all applicable provisions of the law and loan guaranty regulations in making the loan.

If, at any time prior to closing, the lender or VA has reason to doubt the continued qualification of the loan, the lender will delay closing until all facts are determined.

VA may cancel a commitment if the validity period of the Certificate of Commitment has expired and there is no reasonable expectation that the loan will be reported for guaranty.

*Continued on next page*

# 4. Prior Approval Loan Procedures, Continued

**f. Changes Occurring After Issuance of the Certificate of Commitment**

Generally, changes to the loan occurring between issuance of the Certificate of Commitment and loan closing must be approved by VA. The following table lists:

- Exceptions to VA's prior approval of changes requirement, and
- Circumstances that warrant special instructions.

| **If ...** | **Then ...** |
|---|---|
| An increase in the amount of downpayment decreases the loan amount (with or without a reduction in the term of the loan) and there is **no** increase in the monthly mortgage payments, | No VA approval is needed.<br><br>Include an explanation of the change with the closing package. |
| The maturity of the loan is extended, but does not exceed the maximum of 30 years and 32 days or the remaining economic life of the property as provided by the NOV, and there is no increase in the monthly mortgage payments, | No VA approval is needed.<br><br>Include an explanation of the change with the closing package. |
| The loan amount is increased to cover the cost of energy efficiency improvements up to $6,000, | No VA approval is needed.<br><br>See section 3 of chapter 7 for special underwriting requirements and documentation required with the closing package. |
| Discount points to be paid by the applicant increase by any amount over the points indicated on the Certificate of Commitment, | No VA approval is needed.<br><br>Include with closing package:<br>• An explanation of the change.<br>• The URLA with changes initialed and dated by the applicant.<br>• If previously verified assets are not sufficient to cover the additional points, verification of sufficient additional assets. |

*Continued on next page*

# 4. Prior Approval Loan Procedures, Continued

**f. Changes Occurring After Issuance of the Certificate of Commitment** (continued)

| If ... | Then ... |
|---|---|
| The loan is to be closed at an interest rate more than 1% greater than the rate indicated on the Certificate of Commitment, | VA approval is needed.<br><br>Submit the Certificate of Commitment and a new URLA, signed and dated by the applicant, or the original URLA with the change initialed and dated by the applicant, to VA for re-underwriting. |

**g. Conditional Commitments**

VA may issue a conditional commitment in the following seven types of cases. The lender must ensure compliance with the condition prior to loan closing.

| Case | Condition/Notation on Certificate |
|---|---|
| Loan is to the spouse of a serviceperson missing in action or prisoner of war (MIA/POW) | "Prior to closing the subject loan, the lender should obtain assurance from the borrower that official notice of any change in the servicemember's status has not been received and that the applicant is still the spouse of the servicemember."<br><br>***Reference***: See section 6 of this chapter for required documentation. |
| Loan is to the unmarried surviving spouse of an eligible, deceased veteran | "Conditioned on borrower's certification that status as an unmarried surviving spouse has not changed since the Certificate of Eligibility was issued."<br><br>***Reference***: See section 6 of this chapter for required documentation. |

*Continued on next page*

# 4. Prior Approval Loan Procedures, Continued

**g. Conditional Commitments** (continued)

| Case | Condition/Notation on Certificate |
| --- | --- |
| Loan is to a serviceperson who has not received an honorable discharge and must certify to continuous active duty | "Certification of active duty status as of date of note required."<br><br>To ensure compliance, check the active duty box in Section III, Veteran's Certifications, on VA Form 26-1820, Report and Certification of Loan Disbursement. Ensure that the veteran signs the form. |
| Loan is to a veteran and fiancé/fiancée who intend to marry prior to loan closing - title is to be taken in the name of veteran and spouse | "Conditioned on proof of marriage prior to loan closing."<br><br>A copy of the applicant's marriage certificate or other proof of marriage must be submitted with the closing package. A marriage license is inadequate. |
| Loan involves use of an attorney in fact | "No evidence of guaranty with respect to the loan to which this commitment relates will be issued by the Secretary unless the lender makes the certification specified by the Department of Veterans Affairs at the time the lender requests a certificate of guaranty to the effect that the veteran was alive and, if the veteran is on active military duty, not in a "missing in action" status on the date the note and security instruments were executed on the veteran's behalf by the attorney-in-fact."<br><br>***Reference***: See section 6 of this chapter for required documentation. |

*Continued on next page*

# 4. Prior Approval Loan Procedures, Continued

**g. Conditional Commitments** (continued)

| Case | Condition/Notation on Certificate |
| --- | --- |
| Veteran intends to sell property on which he/she has an existing VA loan prior to closing on the new VA loan, in order to have entitlement restored | "This commitment is conditioned upon submission of evidence of disposal of the property which the veteran now owns and previously purchased using VA entitlement and evidence that the loan has been paid in full or that an eligible veteran has substituted his or her entitlement for that used by the original veteran."<br><br>***Reference***: See section 6 of this chapter for required documentation. |
| Veteran intends to sell property in order to have sufficient income and/or assets to qualify for the loan | "This commitment is conditioned upon the consummation of the sale of residential real property now owned by the veteran, as proposed in the loan application."<br><br>***Reference***: See section 6 of this chapter for required documentation. |

**h. Joint Loans** See section 1 of chapter 7.

**i. Before Closing** Complete all applicable procedures in section 2 of this chapter.

*Continued on next page*

# 4. Prior Approval Loan Procedures, Continued

**j. How to Report Loan Closing and Request Guaranty**

A loan must be reported to VA within 60 days of closing. A lender that fails to meet this time limit must provide a written explanation (see item 8 below).

To report a prior approval loan, submit the following documents to VA, in the order listed.

| Order | Document |
|---|---|
| 1 | Lender's cover or transmittal letter (if used). |
| 2 | VA Form 26-0286, VA Loan Summary Sheet. |
| 3 | VA Form 26-1820, Report and Certification of Loan Disbursement. |
| 4 | Lender's quality certification per 38 CFR part 36 and 38 U.S.C. Chapter 37 (See step 7 of the Lender Procedures in section 1 of chapter 4). |
| 5 | HUD-1, Settlement Statement. |
| 6 | Evidence of compliance with MCRV or NOV requirements; for example, final compliance inspection, termite certification, warranty, etc. |
| 7 | If a loan is submitted more than 60 days after loan closing, a statement signed by a corporate officer of the lender that identifies the loan and provides the specific reason(s) why the loan was not submitted on time. |
| 8 | Any other necessary documents.<br><br>***Reference***: See section 6 of this chapter. |

# 5. Automatically Closed Loan Procedures

**Change Date**

March 23, 2012, Change 17
- Subtopic b, step 8 has been updated to note VA Form 26-8937 is not required if a COE already shows funding fee exempt status and amount of compensation received.
- Subtopic b, step 9 has been modified to note lenders must provide required itemizations of title fees, origination charges, and credits.
- Subtopic b, former item 12, Interest Rate and Discount Disclosure Statement has been removed, as it is no longer required.
- This section has been updated to make minor grammatical edits.

**a. How to Request Guaranty**

Loan Guaranty Certificate (LGC) is the lender's record that VA has guaranteed the loan. See section 11 of chapter 3 for an explanation of what evidence of guaranty means to the lender.

Lenders are strongly encouraged to use VA's web-based Loan Guaranty system, WebLGY (available through the VA Information Portal) to obtain electronic LGCs. This system enables participating lenders to electronically submit a loan to VA for guaranty.

Lenders benefit from this type of processing in many ways, including:
- Almost immediate receipt of the LGC.
- No need to mail loan documents to VA (unless selected for an audit review).
- Ability to submit loans for guaranty virtually anytime.
- No need to complete VA Form 26-0286, VA Loan Summary Sheet.
- Ability to deliver final documents to investors quickly, enabling investors to purchase pool loans faster, which reduces costs of carrying the loan.

***Note:*** Lenders must ensure that all required documents listed in subsection b below are retained and available to submit to VA for possible future audit requests.

*Continued on next page*

# 5. Automatically Closed Loan Procedures, Continued

**a. How to Request Guaranty** (continued)

If a lender is unable to obtain an electronic LGC, the following documents should be submitted to VA, in the order listed. VA will then issue the LGC or notify the lender of additional information needed for LGC issuance.

| Order | Document |
|---|---|
| 1 | VA Form 26-0286, VA Loan Summary Sheet. |
| 2 | COE. |
| 3 | NOV or copy of the MCRV with the home model and any selected options highlighted. |
| 4 | VA Form 26-1820, Report and Certification of Loan Disbursement. |
| 5 | HUD-1, Settlement Statement. |
| 6 | Name, mailing address, and e-mail address to be used in requesting file for full review or post audit. |
| 7 | If a loan is submitted more than 60 days after loan closing, a statement signed by a corporate officer of the lender which identifies the loan, provides the specific reasons for late reporting and certifies that the loan is current. This statement must be submitted with any late request for issuance of a LGC. |

**b. Full Review Procedures**

Lenders will be notified, either immediately by the web-based system or in writing by VA offices, when a loan has been selected for full review. Lenders must forward the complete loan file to the appropriate VA office within 15 days of receiving notification from VA.

***Note:*** If VA finds significant deficiencies in a loan submission, the lender will be notified.

The following documents should be submitted when a full review notification has been received:

| Order | Document |
|---|---|
| 1 | Lender's cover or transmittal letter (if used). |
| 2 | VA Form 26-0286, VA Loan Summary Sheet. |
| 3 | COE. |
| 4 | VA Form 26-6393, Loan Analysis. |

*Continued on next page*

# 5. Automatically Closed Loan Procedures, Continued

**b. Full Review Procedures** (continued)

| Order | Document |
|---|---|
| 5 | For Automated Underwriting cases: Feedback Certificate and underwriter's certification (acceptable variations on the documentation required in items 17, 18, and 19 below, and the underwriter's certification, are explained in section 8 of chapter 4). |
| 6 | VA Form 26-1820, Report and Certification of Loan Disbursement. |
| 7 | Lender's quality certification per 38 CFR part 36 and 38 U.S.C. Chapter 37 (See step 7 of the Lender Procedures in section 1 of chapter 4). |
| 8 | VA Form 26-8937, Verification of VA Benefits if required. If information on exempt status and amount of compensation received is on COE, this form may not be necessary. |
| 9 | HUD-1, Settlement Statement and any required attachments itemizing charges (origination fees, title fees, credits, etc.) |
| 10 | Evidence of compliance with MCRV or NOV requirements; such as, final compliance inspection, termite certification, and/or warranty. |
| 11 | If a loan is submitted more than 60 days after loan closing, a statement signed by a corporate officer of the lender which identifies the loan, provides the specific reasons for late reporting and certifies that the loan is current. This statement must be submitted with any late request for issuance of a LGC. |
| 12 | VA Form 26-0592, Counseling Checklist for Military Homebuyers, if applicant is on active duty. |
| 13 | URLA with revised VA Form 26-1802a, HUD/VA Addendum to URLA.<br><br>• These forms may be signed and dated anytime from the date of initial application to the date of loan closing.<br>• These forms must be properly completed and legible, but do not have to be typed. |
| 14 | All original credit reports obtained in connection with the loan and any related documentation. |
| 15 | VA Form 26-8497, Request for Verification of Employment, and other verifications of income such as pay stubs and tax returns. ***Reference***: See section 2 of chapter 4. |
| 16 | VA Form 26-8497a, Request for Verification of Deposit, and other related documents (Alternative documentation: Original or certified true copies of last two bank statements). |
| 17 | Purchase/earnest money contracts. |

*Continued on next page*

## 5. Automatically Closed Loan Procedures, Continued

**b. Full Review Procedures** (continued)

| Order | Document |
|---|---|
| 18 | • Lender Appraisal Processing Program (LAPP) NOV and any special requirements or conditions applicable to the property.<br>• VA Form 26-1843a, Master Certificate of Reasonable Value (MCRV), with any applicable endorsements and/or change orders.<br><br>Highlight to show lot and block identification, ~~house type valuation,~~ and optional equipment applicable to veteran's purchase. |
| 19 | The original Freddie Mac Form 70/Fannie Mae Form 1004, Uniform Residential Appraisal Report (URAR), including all addendums, photographs and any document(s) revising or correcting the fee appraiser's original URAR.<br><br>***Note***: The URAR and attending information is **not** required when VA Form 26-1843a, MCRV, is submitted. |
| 20 | Any other necessary documents.<br>***Reference***: See section 6 of this chapter. |

## 6. Submit "Other Necessary Documents"

**Change Date**

March 23, 2012, Change 17

- This section has been updated to make minor grammatical edits.

**a. What are Other Necessary Documents?**

Other necessary documents are verifications, explanations, forms, etc., that are either:

- Required by VA under certain circumstances, or
- Necessary to clarify some aspect of the loan or the borrower's qualifications. (For example, lender and/or borrower explanations for adverse credit.)

**b. Circumstances Requiring Additional Documents**

The table below provides some of the circumstances for which VA requires specific additional documentation to be submitted with the loan closing package.

| Circumstances | Required Documentation |
|---|---|
| Loan includes funds for energy efficiency improvements. | ***Improvements of $3,000 to $6,000***: Documentation of the lender's determination that the increase in monthly mortgage payments does not exceed the likely reduction in monthly utility costs.<br><br>***Improvements up to $6,000***: Evidence of the cost of improvements such as a copy of the bid(s) or contract itemizing the improvements and their cost.<br><br>***Improvements over $6,000***: Documentation of VA's valuation of the energy efficiency improvements.<br><br>***Reference***: See section 3 of chapter 7 for details, including special provisions for IRRRLs. |

*Continued on next page*

# 6. Submit "Other Necessary Documents", Continued

**b. Circumstances Requiring Additional Documents** (continued)

| Circumstances | Required Documentation |
|---|---|
| Postponed completion of exterior improvements. | VA Form 26-1849, Escrow Agreement for Postponed Exterior Onsite Improvements.<br><br>***Reference***: See section 9 of chapter 9. |
| Loan involves use of an attorney in fact. | Power of attorney requirements as described in section 7 of chapter 9, including written evidence of the veteran's consent to the specific transaction, plus the lender certification found under the "Requirements" heading. |
| Veteran intended to sell property on which he/she has an existing VA loan prior to closing on the new VA loan, in order to have entitlement restored. | • A completed VA Form 26-1880, Request for a Certificate of Eligibility, and<br>• Evidence that the veteran has sold the property and either<br>– evidence that the veteran has fully repaid the prior loan, or<br><br>*Note*: A HUD-1, Settlement Statement, clearly showing sale of the property by the veteran and pay-off of the prior VA loan, satisfies this requirement.<br><br>– documentation that the veteran can be released from liability and the assumer meets the requirements for substitution of entitlement. |
| Veteran intended to sell property in order to have sufficient income and/or assets to qualify for the loan. | Lender's certification that the sale of the veteran's property has been completed and the proceeds disbursed.<br><br>• ***Note***: The lender's certification must be based on examination of a HUD-1, Settlement Statement, or other appropriate documentation of the transaction. |

*Continued on next page*

# 6. Submit "Other Necessary Documents", Continued

**b. Circumstances Requiring Additional Documents** (continued)

| **Circumstances** | **Required Documentation** |
|---|---|
| Loan is to the unmarried surviving spouse of an eligible, deceased veteran. | The following affidavit obtained from the surviving spouse at the time of loan closing:<br><br>"I, ________, being first duly sworn, on oath, say, that, on the __ day of ______, 2___ (insert date loan was closed), I am (was) the unmarried surviving spouse of _________ and that I make this affidavit for the express purpose of inducing _______ to make a loan to me and/or for inducing the Department of Veterans Affairs to guarantee or insure such loan, knowing that it is a criminal offense to make a false statement for this purpose; and that the above and foregoing is true and correct."<br><br>Notary's jurat    Signature of surviving spouse |
| Loan is to the spouse of a MIA/POW. | Documentation that, at the time of loan closing, the lender asked the applicant and the applicant provided verbal assurance that:<br><br>• No official notice of any change in the servicemember's status had been received, and<br>• Applicant was still the spouse of the servicemember. |
| Supplemental loan for home improvements. | See "Procedures" in section 5 of chapter 7. |
| Graduated Payment Mortgage (GPM). | Veteran's statement acknowledging payment increases.<br><br>***Reference***: See section 7 of chapter 7. |
| Restrictions exist on the purchase or resale of the property the veteran is purchasing. | Veteran's written consent to the restrictions (obtained at the time of loan application).<br><br>***Reference***: See section 2 of chapter 9. |

# 7. Processing Loan Assumptions

**Change Date**

March 23, 2012, Change 17

- This section is added to provide guidance for processing loan assumptions.

**a. General Information**

Under certain circumstances, properties that are security for VA-guaranteed loans may be sold even though the loans are not paid in full. Borrowers who sell their properties under these conditions remain liable to VA for any loss that may occur as a result of a future default and subsequent claim payment, unless the property is sold to a creditworthy purchaser who agrees to assume the payment obligation.

**b. Who can process loan assumptions ?**

While procedures for processing requests for assumption approvals previously depended on the date of loan (commitment made on or after March 1, 1988), the new VA Loan Electronic Reporting Interface (VALERI) regulations authorize loan holders or servicers with automatic authority to determine creditworthiness on **all** assumption approval requests processed by their servicers.

**c. Servicers with Automatic Authority**

Servicers with automatic authority are authorized to process and determine creditworthiness on assumption approval requests on behalf of VA. Servicers must follow VA underwriting guidelines (VA Lender's Handbook, chapter 4) when processing and determining creditworthiness on these cases.

Servicers must notify VA electronically of authorized ownership transfers and approved releases of liability. For additional information on the new reporting process, refer to http://www.benefits.va.gov/homeloans/valeri.asp.

**d. Servicers without Automatic Authority**

Servicers without automatic authority that are servicing loans for holders with automatic authority must advise the holders of any assumption approval requests, and the holders will be responsible for determining creditworthiness. When neither the servicer nor the holder has automatic authority, the servicer must develop a complete credit package and submit it, along with a copy of the purchase contract and the status of the loan to the Loan Production section at the VA Regional Loan Center (RLC) of jurisdiction for underwriting.

*Continued on next page*

# 7. Processing Loan Assumptions, Continued

**e. Review Procedures**

Transfers of ownership on properties securing loans for which commitments were made on or after March 1, 1988, **must** have the prior approval of the loan holder or its authorized servicing agent if either of them have automatic authority. If neither the holder nor the servicer has automatic authority, the servicer must submit a credit package to VA for underwriting. The following subparagraphs describe processing details. A seller must apply for approval of the transfer prior to completing the sale. Servicers and holders with automatic authority must examine the application to assess compliance with the provisions of 38 U.S.C. 3714. VA will make the determination in a case where neither the servicer nor the holder has automatic authority, following receipt of a complete application package from the servicer.

**f. Approval Requirements**

To approve the transfer of ownership:

- The loan must be current or will be brought current at the closing of the sales transaction,
- The prospective purchaser of the property is creditworthy, as determined in accordance with 38 CFR 36.4840 and VA Pamphlet 26-7, Lenders Handbook, and
- The prospective purchaser has agreed to assume all of the loan obligations, including the obligation to indemnify VA if a claim is paid.

A processing fee may be collected in advance, including a reasonable estimate for the cost of the credit report. The maximum fee for processing a request for assumption approval and changing the loan records is the lesser of:

- Automatic authority – $300 plus the actual cost of a credit report; or
- No automatic authority – $250 plus the actual cost of a credit report; or
- Any maximum prescribed by applicable state law.

***Note:*** VA does not specifically regulate when the processing fee may be assessed. However, when the processing fee is collected prior to signing the sales contract, the portion of the fee attributable to changing the servicer's records (usually $50) must be returned to the seller if the application is denied or the process is not completed. Therefore, VA recommends that the processing charge accompany the complete package.

*Continued on next page*

# 7. Processing Loan Assumptions, Continued

**g. Processing Time Guidelines**

**Automatic Authority:** Servicers or holders with automatic authority must complete the examination and notify the seller of the decision within 30 days after receiving a complete ownership transfer approval application package.

**Without Automatic Authority:** Servicers without automatic authority (where the holder also does not have automatic authority) must submit documents to VA within 21 days after receiving a complete application package.

**VA Review:** VA has 14 days to complete its underwriting review and notify the servicer of its decision. Servicers have 7 days to notify all parties of VA's decision.

***Note:*** These time periods may be extended by the time lost if delays are beyond the servicer's control, such as employers or financial institutions not responding to requests for verification or follow-up requests.

**h. Decision Notices**

**Approvals:** If the application for ownership transfer is approved, the servicer must notify the seller and include instructions for the assumption of liability by the purchaser, the amount of funding fee that must be paid, and documentation needed to complete the process.

**Disapprovals:** If the application is disapproved, the seller and purchaser must be notified. The disapproval notice must include:

- The reason for the decision and a notice that the decision may be appealed to VA within 30 days
- The VA address to which the appeal should be sent, which will be the RLC that has jurisdiction over the state where the property is located, and
- If the application was disapproved for credit reasons, the purchaser must be informed of the basis on which the adverse decision was made in accordance with the Fair Credit Reporting Act.

If the application remains disapproved after 45 days (to allow time for appeal and review by VA), the $50 fee for changing the account records, if previously collected, must be refunded.

*Continued on next page*

# 7. Processing Loan Assumptions, Continued

**i. VA Appeals**

The seller and purchaser may appeal a disapproval decision to VA within 30 days. When VA receives an appeal of a denied request, VA will request that the servicer send a copy of the application package used in making the decision. The loan package must be provided to VA within 7 days. Once received, VA will review and either approve the assumption on appeal or uphold the decision to deny the application. If the appeal is not approved, VA's notice will advise the seller of the right to request "special approval" within 15 days of receipt of the disapproval notice.

**Special Approval:** Following appeal to VA, the seller may request special approval within 15 days of receipt of the disapproval notice. VA has 7 days from receipt of the seller's request to make this determination. If approved, VA will notify the servicer and seller that the assumption has been approved and that he or she will not be released from liability to VA.

VA's special approval does not release any obligor from liability. If an obligor is released without proper approval, VA may be released from further liability on the guaranty. VA may determine that special approval of the assumption is in the best interest of the Government if:

- The seller agrees to remain secondarily liable on the loan following assumption
- The seller is unable to otherwise continue payments on the loan, and
- Reasonable efforts have been made to find a creditworthy borrower for the property.

*Continued on next page*

# 7. Processing Loan Assumptions, Continued

**j. Steps After Approval**

1. Assumption Clause: Once approved, the servicer will advise the seller that he or she may complete the transfer. The servicer must provide the seller with the exact language for the VA-approved assumption clause that must be included in the deed conveying the property to the purchaser. (In the past, RLCs have provided servicers with examples of assumption clauses that are both acceptable to VA and compliant with state and local requirements. This information will continue to be maintained at the regional level; servicers should contact the RLC of jurisdiction to obtain sample language/documents.) RLC information can be found at the following website: http://www.benefits.va.gov/homeloans/rlcweb.asp. The seller must return a copy of the recorded deed containing the assumption clause showing the date and place of recordation to the servicer. Once received, the servicer is responsible for reviewing the document to establish that it contains the approved assumption clause and recording data and that it has the legal effect intended.

2. Agreement creating liability: If the seller and purchaser have satisfied all the requirements of 38 U.S.C. 3714(a)(1), but the seller has not produced a copy of a transfer deed containing an acceptable assumption clause, the servicer must prepare an "Agreement Creating Liability to Holder and to United States" to execute the release. The servicer will send three copies to the veteran with instructions for execution. (In the past, RLCs have provided servicers with examples of agreements that are both acceptable to VA and compliant with state and local requirements. This information will continue to be maintained at the regional level; servicers should contact the RLC of jurisdiction to obtain sample language/documents.) RLC contact information can be found at the following website: http://www.benefits.va.gov/homeloans/rlcweb.asp. The veteran must return all copies of the executed agreement to the servicer.

   Once received, the servicer is responsible for reviewing the document to establish that it was properly completed and that it has the legal effect intended. The holder or its authorized servicing agent will then execute the release portion of the form. In those states where recording the assumption and/or the release instrument is necessary, the veteran may be asked to forward funds to pay recording fees.

*Continued on next page*

# 7. Processing Loan Assumptions, Continued

**j. Steps After Approval** (continued)

3. Funding fee: At loan transfer, the transferee is required to pay a funding fee to the servicer equal to one-half of one percent of the loan balance as of the date of transfer. The fee must be paid to VA within 15 days of the date of assumption using the VA Funding Fee Payment System – VA FFPS. Refer to VA Pamphlet 26-7, Lender's Handbook, chapter 8 for more information on exemptions from the funding fee, how to verify exemption status, and how and when to send the funding fee to VA. Generally the following individuals are exempt from paying the funding fee as an assumer:

   - A veteran receiving VA compensation for a service-connected disability.
   - A veteran who, but for receipt of military retirement pay or active duty pay, would be entitled to receive compensation.
   - A veteran who is rated eligible to receive compensation as a result of a pre-discharge disability examination and rating.
   - A surviving spouse of a veteran who died in service or from a service-connected disability.

4. Notification to VA: Servicers must notify VA after ownership has been transferred and release of liability has been granted. Additional information can be found at: http://www.benefits.va.gov/homeloans/valeri.asp.

*Continued on next page*

# 7. Processing Loan Assumptions, Continued

**k. Assumptions without Prior Approval**

Servicers must notify VA (outside the VALERI system) within 60 days after learning of a transfer that did not receive prior approval by the servicer or VA. The notice must advise VA whether the servicer intends to exercise the option to immediately refer the case to foreclosure or to give the transferor and transferee the opportunity to apply for "retroactive approval" of the assumption. Upon learning of an unapproved transfer, the servicer may decide to demand immediate payment of the one-half of one percent VA funding fee and request a copy of the instrument of transfer to determine the liability of the purchaser.

**Liability assumed:** The purchaser should be afforded an opportunity for retroactive approval of the transfer if:

- The purchaser pays the funding fee
- The purchaser has assumed all of the seller's obligations in the transfer deed
- The assumption language is legally binding, and
- It appears that the purchaser intends to satisfy those obligations.

**Liability not assumed:** If prior approval of a transfer was not obtained and the title was transferred "subject to" the mortgage or deed of trust, then the purchaser usually has no liability on the loan and no liability for the funding fee. In this instance, the purchaser may have no incentive to maintain the payments. It may still be advisable to extend the opportunity to apply for retroactive approval of the transfer, with the expectation that the purchaser will assume liability for repayment of the loan.

**Process for retroactive approval:** If the veteran and current owner will be permitted to apply for retroactive approval, the assumption process should be completed in the same manner as if the application had been received prior to the transfer. This includes the right of appeal to VA, if the request is denied. Should a purchaser fail to cooperate in the retroactive approval process, a servicer has the option of accelerating the loan. When making this decision, the servicer should consider the implications of state law when delaying acceleration as compared to the prospect of accelerating a current loan that has the potential for future timely payments. Any decision must be reported to VA outside the VALERI system.

*Continued on next page*

# 7. Processing Loan Assumptions, Continued

**k. Assumptions without Prior Approval** (continued)

***Note:*** Loans for which a commitment was made prior to March 1, 1988, are commonly known as freely assumable loans. Owners have the right to sell the property securing these loans under any terms; servicers may not impose a restriction, charge, or fee that would limit or nullify this right. An exception applies when the loan was made by a state, territorial, or local governmental agency and the law requires acceleration of maturity of the loan upon sale or transfer of the property to a person not eligible for assistance under the special program. VA has approved due-on-sale clauses to allow veterans to participate in these programs and take advantage of below-market interest rates and benefits. The original mortgagor remains liable on the loan unless he or she is released from personal liability. The veteran and transferee must specifically apply for a release of liability under 38 U.S.C. 3713. Furthermore, a release of liability does not restore the original veteran's VA home loan entitlement and does not affect the guaranty on the loan. Servicers are responsible for providing the veteran seller with this information.

**l. General Release of Liability Procedures**

Since VA-guaranteed loans dated prior to March 1, 1988, could be transferred without VA's prior approval, borrowers and transferees **may** apply for a release of liability before or after the closing of the transaction. Servicers with automatic authority must process releases of liability when the borrower and transferee specifically apply for a release. Servicers without automatic authority that are servicing loans for holders with automatic authority must advise the holders of any assumption approval requests, and the holders will be responsible for determining creditworthiness.

When neither the servicer nor the holder has automatic authority, the servicer must develop the complete credit package for VA to determine the creditworthiness of the purchaser. Servicers should follow the same review procedures described in subtopic d for loans where the commitment was made on or after March 1, 1988. A processing charge may be assessed for reviewing a request for release of liability just as on a request for approval of ownership change on a later loan. Furthermore, when a borrower sells his or her home to transfer ownership **without** requesting a release of liability, the servicer may charge up to $50 for amending its records to reflect a change in ownership, if the parties involved agree and it is permissible under the loan agreement.

Servicers should follow the same execution procedures described in subtopic d for loans where the commitment was made after March 1, 1988. **However, no funding fee may be assessed on assumptions of loans where the commitment was made prior to March 1, 1988.**

*Continued on next page*

# 7. Processing Loan Assumptions, Continued

**m. Release of Liability Procedures for Divorce**

In certain instances, a veteran may seek release from personal liability when his or her former spouse acquires the property as the outcome of divorce proceedings and the ex-spouse was jointly liable on the loan with the veteran prior to the divorce. In other cases, the veteran may be awarded the property and the ex-spouse may seek release of liability.

Servicers may process requests for release of liability from divorced veterans using the same general procedures outlined in subtopic l. When processing a release of liability in divorce cases in which the veteran's former spouse receives the property, the servicer is authorized to charge the normal processing fee to complete the credit underwriting. **However, no funding fee may be assessed.** Prior to processing such requests, the following requirements must be met:

- The divorce is final and absolute, and it is determined that no appeal will be taken
- The entire estate encumbered for the VA-guaranteed loan has become vested in the name of the veteran's former spouse, and
- There is no knowledge of any property settlement that would make the veteran liable between the parties to pay the guaranteed loan.

Requests for release of liability from an ex-spouse in cases where the veteran retains the property should be referred to the appropriate VA RLC of jurisdiction. In such cases, the servicer may only charge a fee of $50 for amending its records to reflect the change in ownership.

*Continued on next page*

# 7. Processing Loan Assumptions, Continued

**n. Substitution of Entitlement**

Occasionally, a veteran may allow an assumption of his or her VA-guaranteed loan with the expectation of being able to obtain another VA-guaranteed loan in the future. VA makes determinations of eligibility for new loans and handles Substitution of Entitlement (SOE) processing for veterans who have allowed assumptions of their existing VA loans. VA can usually complete the process after a servicer issues a release of liability. Questions about SOE should be directed to the VA RLC with jurisdiction over the loan.

When a veteran requests approval for a transfer of ownership, he or she may request to have entitlement restored for use on another VA loan. For VA to approve such a request:

- The purchaser must be an eligible veteran who has sufficient entitlement to substitute for that of the original veteran
- The purchaser must certify that the property securing the loan will be occupied as his or her home, and
- The purchasing veteran must agree to the SOE.

Whenever two veterans intend to follow the SOE process, servicers should advise the veteran purchaser to complete VA Form 26-8106, Statement of Veteran Assuming GI Loan, for transmittal to VA following completion of the ownership transfer approval process. It would be helpful if the servicer included a COE for each veteran or, if not available, VA Form 26-1880, Request for a Certificate of Eligibility. These items should accompany a copy of the credit package used to approve the transfer of ownership.

*Continued on next page*

# 7. Processing Loan Assumptions, Continued

**o. Unrestricted Transfers**

Certain transfers of ownership, otherwise subject to 38 U.S.C. 3714, do not require prior approval by a holder or VA. Loans may not be accelerated due to these types of transfers, a release of liability will not be processed, and no processing charge or funding fee may be assessed. However, it is permissible to charge a reasonable fee up to $50 for changing the account records, provided that there is an agreement with the borrower and it is permissible under the loan agreement. Servicers must report unrestricted transfers to VA as authorized transfers of ownership, which will typically be handled automatically by their servicing systems. These unrestricted transfers of ownership include:

- The creation of a lien or other encumbrance subordinate to the lender's security instrument that does not relate to a transfer of rights of occupancy in the property.
- The creation of a purchase money security interest for household appliances.
- A transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety.
- The granting of a leasehold interest of 3 years or less not containing an option to purchase.
- A transfer to a relative resulting from the death of a borrower.
- A transfer when the spouse or child of the borrower becomes a joint owner of the property with the borrower.
- A transfer into an inter-vivos trust in which the borrower is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the property.
- A transfer resulting from a decree to dissolve a marriage, legal separation agreement, or from an incidental property settlement agreement by which the spouse of the borrower becomes the sole owner of the property.

**Sale agreements not subject to 38 U.S.C. 3714.** VA does not consider a sale on an installment contract, contract for deed, or similar arrangement in which title is not transferred from the seller to the buyer, to be a "disposition" of property. Therefore, these sales do not require prior approval from a servicer or VA. However, borrowers inquiring should be cautioned that any borrower considering a sale in this manner would remain liable for repayment of the loan under such an arrangement.

*Continued on next page*

# 7. Processing Loan Assumptions, Continued

**p. Documentation Requirements**

VA does not require a servicer to change records, even if the agreement calls for the contract purchaser to make payments directly to that servicer. The contract seller is responsible for forwarding payment coupons and other information to the contract purchaser. Depending on the circumstances of a case, servicers may agree to change the account address to read "in care of" the contract purchaser, although the contract seller must promptly advise the servicer of any change in his or her address.

Sales by installment contracts typically call for transfer of title after a certain period of time. If the contract calls for title to transfer prior to payment in full of the VA loan, VA requires assumption approval according to the procedures previously discussed. Processing charges and VA funding fees will be applicable upon transfer. As one of the conditions of the contract, servicers should advise the borrower to include language stating that application for assumption approval will be made, and approval secured, prior to the completion of title transfer. The contract should then address the options of both parties if the request for assumption approval is denied. Options could include voiding the contract with forfeiture of all payments previously made, or extending the contract period to allow the purchaser to correct any credit deficiencies and apply for approval at a later date.

Servicers are required to retain the supporting documentation for all transfers, assumptions, and releases of liability for at least **3** years from approval or denial. Servicers must also submit the package to VA for post-closing reviews once the processing is completed. To facilitate this process, servicers must include a cover letter identifying whether the transmitted package is for a completed transfer, a request for approval by VA, or information on an appealed case. The cover letter should also identify the VA Loan Identification Number (LIN), the original veteran, and contact information for a person at the servicer (name, phone number, and e-mail). Any indication of a request for SOE should also be noted.